[No. 20169. Department One. April 7, 1927.]

FARMERS NATIONAL BANK OF COLFAX, *Appellant*, v. A. H. ANDERSON *et al.*, *Respondents*, CHARLES L. CHAMBERLIN *et al.*, *Defendants*.[1]

Appeal from a judgment of the superior court for Whitman county, McCroskey, J., entered July 10, 1926, upon findings in favor of the defendants, in an action to foreclose mortgages. Affirmed.

*Hanna, Miller & Hanna*, for appellant.
*Charles R. Hill*, for respondents.

PER CURIAM.—The plaintiff in the court below, appellant in this court, sued to foreclose two mortgages given to secure the same obligation, the one a mortgage upon chattel property, and the other a mortgage upon real property. The trial court permitted a foreclosure of the chattel mortgage, and permitted a foreclosure of the real property mortgage to the extent of certain payments made by the appellant necessary to protect the mortgage as a lien, had it been valid. It refused, however, to allow its foreclosure for the principal debt it purported to secure.

The real property described in the mortgage was the community property of the defendants, A. H. Anderson and Ollie Anderson, his wife. Ollie Anderson took issue on the allegations of the complaint

[1]Reported in 255 Pac. 101.

in which it was averred that she executed the mortgage, and this presented the sole question for determination in the trial court and is the sole question for determination here. We think it needless to set forth or discuss the evidence at length. The wife denied the execution of the mortgage, and testified that the signature thereto claimed to be hers is a forgery. No one saw her execute the mortgage, and the notary public, who purported to take her acknowledgment to the instrument, admits that his certificate of acknowledgment is false in the particular that she personally appeared before him and acknowledged the execution of the instrument; testifying that he made the certificate on the strength of her husband's assertion that the signature thereto was hers. The evidence in opposition is that of persons who compared the signature to the mortgage with her admittedly genuine signature, and testified that the same person wrote all of them. But the testimony failed to convince the learned trial judge that the wife testified falsely, and a study of the evidence and a careful examination of the signatures do not convince us that he reached a wrong conclusion.

The trial court did not undertake to determine who committed the forgery, but his decree exonerates the appellant and its officers from connection with it or knowledge of it, and in this we concur. Affirmed.